# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO PULIDO, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No.: 1:17-cv-0884 - JLT <br><br> ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE |

Ignacio Pulido initiated this action by filing a complaint on July 5, 2017, seeking judicial review of the decision to denying an application for Social Security benefits. (Doc. 1) On July 24, 2017, the Court issued its Scheduling Order, setting forth the deadlines governing the briefing in this action. (Doc. 10)

Defendant filed the certified administrative record in the matter on Decemer 20, 2017. (Doc. 13) Pursuant to the terms of the Scheduling Order, within thirty days of the filing of the administrative record, Plaintiff was to serve "a letter brief outlining the reasons why…he[] contends that a remand is warranted," and file "proof of service reflecting that the letter brief was served." (Doc. 8-1 at 2) To date, no proof of service has been filed, and Plaintiff has not requested an extension of time to comply with the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of the date of service of this Order why the sanctions should not be imposed for failure to follow the Court's Order and failure to prosecute the action or, in the alternative, serve a confidential letter brief and file proof of service with the Court.

IT IS SO ORDERED.

Dated: **February 21, 2018**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE